IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONALD A. FLORER,

                    Plaintiff,                                 No.  6:11-cv-06330-HZ

        v.

MICHAEL J. ASTRUE, Commissioner,               OPINION & ORDER
Social Security Administration,

                    Defendant.

DAVID W. HITTLE
Suite 810, 388 State Street
Salem, Oregon 97301

        Attorney for Plaintiff
///
///
///
///
///
///

S. AMANDA MARSHALL

1 - OPINION & ORDER

United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

DAVID MORADO
Regional Chief Counsel, Region X, Seattle
HENRY ERNEST VELTE III
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900
Seattle, Washington 98104-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Donald A. Florer ("Florer") brings this action for judicial review of the Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security Act ("the Act"). I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, I AFFIRM the Commissioner's decision.

## BACKGROUND

      The record before this court does not contain Mr. Florer's original applications for benefits. Born in 1958 (Tr. 142), Mr. Florer initially alleged disability due to loss of peripheral vision. Tr. 135. The Commissioner denied his applications initially and upon reconsideration (Tr. 54-67), and an Administrative Law Judge ("ALJ") held a hearing on May 18, 2010. Tr. 12-35. The ALJ found Mr. Florer not disabled on June 17, 2010 (Tr. 42-49), and the Appeals Council denied review of the matter on August 19, 2010. Tr. 2-5.

2 - OPINION & ORDER

## SEQUENTIAL DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. If the claimant does not have such a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii).

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. If the impairment is determined to equal a listed impairment, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the ALJ finds that the claimant's RFC precludes

performance of his past relevant work the ALJ proceeds to step five.

At step five the Commissioner determines if the claimant is capable of performing work existing in the national economy. If the claimant cannot perform such work, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(f); 416.920(a)(4)(v); 416.920(f) Yuckert, 482 U.S. at 142; Tackett, 180 F.3d at 1099.

The initial burden of establishing disability rests upon the claimant. Yuckert, 482 U.S. 137, 146 n5; Tackett, 180 F.3d at 1098. If the sequential disability analysis reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g); 416.920(g); Tackett, 180 F.3d at 1099.

## THE ALJ'S DECISION

The ALJ found Mr. Florer's limited left eye vision "with history of retinal branch vein occlusion and possible glaucoma" and hypertension "severe" at step two in the sequential proceedings. Tr. 44. The ALJ found that these impairments did not meet or equal a listed disorder at step three, and found that Mr. Florer retained the following RFC:

///

///

///

///

The claimant is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently. He can stand and/or walk (with normal

breaks) for a total of 5-6 hours in an 8-hour workday, and can sit
(with normal breaks) for a total of about 6 hours in an 8-hour
workday.  He should not drive an automobile.  He should not work
around dangerous machinery, perform excessive climbing, or work
at heights.  He can only perform work that requires limited peripheral
vision and that does not require depth perception (i.e. working with
three-dimensional objects).  Tr. 45.

At step four the ALJ found Mr. Florer unable to perform his past relevant work, but concluded that

Mr. Florer could perform jobs in the national economy at step five.  Tr. 48.  The ALJ therefore found

Mr. Florer not disabled under the Commissioner's regulations.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied

proper legal standards and the findings are supported by substantial evidence in the record.  42

U.S.C. § 405(g); Bray v. Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

"Substantial evidence" means "more than a mere scintilla, but less than a preponderance."  Bray,

554 F.3d at 1222 (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715,

720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the

Commissioner.  Id. (citing Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

2006)), see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations

of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  Burch

v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, this court cannot now rely upon reasoning

the ALJ did not assert in affirming the ALJ's findings.  Bray, 554 F.3d at 1225-26 (citing SEC v.

Chenery Corp., 332 US 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Mr. Florer asserts that the ALJ erroneously evaluated his headaches at steps two and four of the sequential analysis. He consequently argues the ALJ should have found him disabled.

### I. Step Two Findings

Mr. Florer asserts that the ALJ should have found his headaches "severe" at step two, citing medical evidence showing his reports of headache and headache diagnoses. Pl.'s Opening Br. 4-5. He also cites his own testimony regarding his headaches. *Id.*

#### A. Step Two Standards

At step two in the sequential analysis, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1509; 404.1620(a)(4)(ii); 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. Id. Step two findings must be based upon medical evidence. 20 C.F.R. §§ 404.1520(a)(ii); 416.920(a)(ii). The Commissioner's regulations instruct that an impairment is "not severe" if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a); 416.912(a). The step two inquiry is a "threshold inquiry," Yuckert, 482 U.S. at 153, but omissions at step two are harmless if the ALJ's subsequent RFC evaluation considered the effect of the impairment. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

///

#### B. Analysis

6 - OPINION & ORDER

The ALJ found Mr. Florer's "limited vision in the left eye with history of retinal branch brain occulsion and possible glaucoma" and hypertension "severe" at step two. Tr. 44. The ALJ noted Mr. Florer's testimony that he has experienced daily headaches for the past two years. Tr. 45. He also noted that various physicians believed Mr. Florer's hypertension could cause his headaches, and that Mr. Florer visited the emergency room for his headaches on multiple occasions. Tr. 45.

The ALJ repeatedly discussed Mr. Florer's at headaches in his subsequent RFC analysis, which is addressed below. Tr. 46-47. In such circumstances, any omission at step two is harmless. Lewis, 498 F.3d at 911. The ALJ's step two findings are therefore affirmed.

## II.    The ALJ's RFC Analysis

Mr. Florer also asserts that the ALJ erroneously failed to include limitations pertaining to his headaches in his RFC analysis.

### A.    Standards

Once a claimant establishes a medically-determinable impairment that does not meet a "Listed" disorder at step three in the sequential proceedings, the ALJ must assess the claimant's RFC. 20 C.F.R. §§ 404.1520(e); 416.920(e). The RFC represents all of a claimant's work-related limitations, including non-severe limitations. 20 C.F.R. §§ 404.1545(a)(1-2); 416.945(a)(1-2). In making this assessment, the ALJ considers "all of the relevant medical and other evidence," as well as a claimant's testimony and lay testimony describing the claimant's limitations. 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3).

### B.    Analysis

Mr. Florer asserts that the ALJ noted his testimony regarding his headaches, but "did not further evaluate or assess [his] headaches and did not include the impairments from the headaches

in his RFC." Pl.'s Opening Br. 5.

As noted, the ALJ discussed Mr. Florer's headaches in his RFC discussion, citing Mr. Florer's testimony that he experienced daily headaches "that make it difficult for him to function." Tr. 46. The ALJ rejected Mr. Florer's symptom testimony for numerous reasons. Tr. 26. Mr. Florer does not presently challenge the ALJ's credibility analysis, and it is therefore affirmed. Consequently, Mr. Florer fails to establish error regarding the ALJ's omission unspecified limitations set forth in his testimony pertaining to his headaches.

## CONCLUSION

Mr. Florer fails to show that the ALJ erroneously evaluated his headaches at steps two and four of the sequential disability analysis. The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this _____ day of September, 2012.

Marco A. Hernandez
United States District Judge